## Pherigo v. Gutman & Son.

(Decided November 27, 1912.)

### Appeal from Pike Circuit Court.

Insurance, Life—When Not Presumed Insurance Was Intended for a Loan.—A son insured his life for the benefit of his mother in the sum of $1,000, and afterwards borrowed from her $1,000. The insurance having been created first it will not be presumed that the insurance was intended as a security for the loan in the absence of proof to this effect.

YORK & JOHNSON for appellant.

J. S. CLINE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

H. F. Pherigo died in Pike County in April, 1910, A few years before his death he went into the jewelry business at Pikeville, and while in the business he purchased of L. Gutman and Son goods to the amount of $1,046.12, for which he executed to them his note. After his death they brought this suit for a settlement of his estate. His mother, Rissie Pherigo, filed as a claim against his estate a note for $1,000.00 executed by her son to her for borrowed money. The commissioner allowed the claim. Gutman and Son filed exceptions to the claim on the ground that H. F. Pherigo had insured his life for the benefit of his mother in the sum of $1,000 to secure her in the note, and that after his death she had collected the insurance but had not credited the money on the note. The circuit court sustained this exception and Rissie Pherigo appeals.

The mother denied that the insurance was made to her to secure her in the note. There is no positive proof in the record that the insurance was made to the mother to secure the note but it is earnestly insisted that the facts surrounding the transaction showed this. H. F. Pherigo was the only son of his mother. He was married and had when he took out the insurance, one child about a year old. He and his wife and child lived with his mother. He was a man of small means, and was carrying on business largely on credit. His mother had a home and some means. He took out insurance on his life in the sum of $2,000, and made $1,000 payable to his mother and $1,000 payable to his wife. It is earnestly insisted that he would have made the whole insurance payable to his wife but for the fact that he had borrowed $1,000 from his mother; as this would be the natural thing for him to do, and that no other reason appearing for his making $1,000 payable to his mother it should be presumed that it was done to secure her in the money which he had borrowed from her. Two witnesses testify that they understood that this was why he did it but they do not testify to any statement of his or hers to this effect, and their testimony as a whole shows that this was simply their judgment from the circumstances rather than any knowledge they had on the subject. There would be great force in the argument that the insurance should be presumed under the circumstances to have been intended to secure the debt to his mother if it appeared that the insurance was taken out at or after the time the debt to his mother was

created. The note to his mother is dated September 5, 1907; it is payable one year after date and bears interest from date. The insurance certificate is not in the record but G. C. Scott, who is the only person who testifies as to its date, testifies as follows:

"He was adopted into the society according to our record on April 13, 1907 as a beneficial social member, and his policy or certificate was signed within sixty days following his adoption. His certificate was numbered 1383930 and made payable to Lassie Pherigo, his wife, $1,000; and Rissie Pherigo, his mother, $1,000."

His wife also testifies that she thought the insurance was taken out before the debt to his mother was created. There is no contrary evidence. The insurance having been made before the debt to his mother was created, it cannot be held, nothing else appearing, that the insurance was to secure the debt. We therefore conclude that the circuit court erred in sustaining the exceptions to the mother's claims on the note.

Judgment reversed and cause remanded for a judgment as above indicated.